UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br>　　　　Petitioner,<br>　　v.<br>ROBERT BURTON, Warden,<br>　　　　Respondent. | Case No.  21-cv-06566 EJD (PR)<br><br>**ORDER TO SHOW CAUSE** |

　　　　Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his sentence for a state conviction. Dkt. No. 1. This matter was initially closed for Petitioner's failure to pay the filing fee, and then reopened after Petitioner showed good cause. Dkt. No. 13. Petitioner paid the filing fee. Dkt. No. 17. On August 2, 2022, the Court directed Petitioner to file notice regarding the exhaustion of state judicial remedies as the petition did not contain this information. Dkt. No. 18.

　　　　On November 10, 2022, Petitioner filed a notice stating that he did not receive the court order until recently. Dkt. No. 20. He also asserts that he presented all the claims in this action to the California Supreme Court in April 2021 and that "the court never reviewed petitioner's petition." Id.

**BACKGROUND**

According to the petition, Petitioner pleaded guilty to unidentified charges in Monterey County Superior Court sometime in 2000 or 2001 and sentenced to four years and 6 months in state prison. Dkt. No. 1 at 1.

Petitioner states that he did not file a direct appeal because his guilty plea barred it. Id. at 18. More recently, Petitioner filed a state habeas petition which was denied on October 13, 2020. Id. Petitioner filed another petition in the state appellate court, which issued decisions on January 17, 2021, and April 15, 2021. Id.

The Court conducted a search of Petitioner's name on the California Court's online database and found a habeas matter (Case No. S268546) filed on April 30, 2021.[1] The docket indicates that the petition for writ of habeas corpus was denied on July 14, 2021, with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998).

Petitioner filed the instant petition on August 17, 2021. Dkt. No. 1. After it was dismissed, the matter was reopened on November 24, 2021. Dkt. No. 13.

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

**B.   Legal Claims**

Petitioner raises the following grounds for habeas relief: (1) he was denied the right

---

[1] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0

to effective assistance of counsel during his preliminary hearing, Dkt. No. 1 at 6; (2) ineffective assistance in failing to advise him adequately with regard to his guilty plea, id. at 7; and (3) his guilty plea is invalid because he was incompetent at the time due to being under the influence of medication that impaired his judgment, id. at 16.  Petitioner asserts that he discovered the legal basis for these claims in early 2020, and that he neither knew nor reasonably should have known this information earlier.  Id. at 23, 24.  Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Mahrt v. Beard, 849 F.3d 1164, 1171 (9th Cir. 2017).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.	The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk also shall serve a copy of this order on Petitioner.

2.	Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.	Respondent may file a motion to dismiss on procedural grounds in lieu of an

3

answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED**.

Dated: January 4, 2023

EDWARD J. DAVILA
United States District Judge