1
2
3
4            UNITED STATES DISTRICT COURT
5           NORTHERN DISTRICT OF CALIFORNIA
6
7    CARLOS HENDON,                          Case No.  21-cv-06566-HSG
8                  Petitioner,               **ORDER GRANTING MOTION TO**
                                             **DISMISS: DENYING MOTION FOR**
9           v.                               **LEAVE TO AMEND; DENYING**
                                             **CERTIFICATE OF APPEALABILITY**
10   ROBERT BURTON,
                                             Re: Dkt. Nos. 24, 27
11                 Respondent.
12
13          Petitioner Carlos Hendon, an inmate at California Medical Facility, filed a petition for a

14   writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2000 conviction and sentence

15   from Monterey County Superior Court.  Pending before the Court are Respondent's motion to

16   dismiss the petition as untimely, Dkt. No. 24, and Petitioner's request for leave to file an amended

17   petition, Dkt. No. 27.  For the reasons set forth below, the Court DENIES Petitioner's request for

18   leave to file an amended petition, Dkt. No. 27; GRANTS Respondent's motion to dismiss the

19   petition as untimely, Dkt. No. 24; addresses the request for clarification, Dkt. No. 32; and

20   DENIES a certificate of appealability.

21                              **BACKGROUND**

22   **I.     Relevant State Court Proceedings**

23          In or around 1995, Petitioner was sentenced to a fifty-two year and eight month sentence in

24   Santa Clara County Superior Court.  Dkt. No. 24 at 2.

25          On August 4, 2000, Petitioner pled guilty in Monterey County Superior Court C No.

26   SS000891 to one felony count of aggravated assault on a correctional officer by an inmate (Cal.

27   Penal Code § 4501.1).  On September 6, 2000, Petitioner was sentenced to four years in prison, to

28   be served consecutive to the fifty-two year and eight month sentence that he was already serving.

United States District Court
Northern District of California

1    Dkt. Nos. 24-1, 24-2, 24-3.

2           On June 27, 2001, in Monterey County Superior Court C No. MS011293, Petitioner pled

3    no contest to two misdemeanor counts of indecent exposure after illegally entering an occupied

4    area (Cal. Penal Code § 314.1), and was sentenced to 180 days, concurrent to any other term.  Dkt.

5    Nos. 24-4.

6           Petitioner did not appeal either of these convictions or sentences.  Dkt. No. 1 at 2.

7           On or about April 20 and June 7, 2020, Petitioner filed two motions in Monterey County

8    Superior Court seeking production of documents related to the plea proceedings for the above two

9    convictions, including but not limited to transcripts, minutes, and the written plea agreements.

10   Dkt. No. 24-8 at 3.

11          On or about September 3, 2020, Petitioner filed a petition for a writ of habeas corpus in the

12   Monterey County Superior Court challenging both these convictions and alleging that he was

13   entitled to habeas relief because counsel was ineffective for failing to advocate his cause and

14   failing to advise him adequately as to his guilty plea; and that the trial court failed to make an

15   adequate inquiry into Petitioner's mental competency when he entered into his guilty plea in the

16   felony assault case.  Petitioner also requested to expand the record and requested an evidentiary

17   hearing.  Answer, Ex. E.  On October 21, 2020, the superior court denied the petition as untimely.

18   The superior court did not address the April 20 and June 7, 2020 requests for documents.  Dkt. No.

19   24-6.

20          On November 5, 2020, Petitioner filed a petition for a writ of habeas corpus in the

21   California Court of Appeal.  Dkt. No. 24-7.  This habeas petition is not filed in the record, so the

22   Court cannot determine the date on which Petitioner placed this petition in the mailbox, or

23   whether the petition challenged both convictions, or what grounds Petitioner raised.  On January

24   14, 2021, the state appellate court denied the petition without prejudice to refiling in the Monterey

25   County Superior Court in the first instance, citing to *In re Steele*, 32 Cal.4th 682, 692 (Cal. 2004).

26   Dkt. No. 24-7.  In *Steele*, the California Supreme Court held that a discovery motion filed pursuant

27   to Cal. Penal Code § 1054.9 should be filed first in the trial court that rendered the underlying

28   judgment.  *Steele*, 32 Cal. 4th at 692.

United States District Court
Northern District of California

United States District Court
Northern District of California

On January 31, 2021, Petitioner filed a motion for discovery in Monterey County Superior Court, requesting the following documents related to the above two convictions: plea proceeding transcripts and minutes, including the plea agreement and any other related documents. Dkt. No. 24-8. On February 7, 2021, Petitioner filed an amended motion for discovery in Monterey County Superior Court, specifying that he also sought the transcripts of the preliminary hearing. Dkt. No. 24-8. On April 2, 2021, the superior court construed these motions as a habeas petition and denied the petition because the alleged injury – failure to receive requested discovery – did not constitute a violation of a state or federal constitutional right. However, the superior court ordered the Clerk of the Court to provide Petitioner with copies of any requested documents, subject to any applicable fees required by law, noting that Petitioner acknowledged that the court had previously provided him with copies of these documents, but the documents were subsequently lost. Dkt. No. 24-9.

On April 12, 2021, Petitioner filed a second petition for a writ of habeas corpus in the California Court of Appeal. Dkt. No. 24-10. Because this habeas petition is not filed in the record, the Court cannot determine the date on which Petitioner placed this petition in the mailbox, or whether the petition challenged both convictions, or what grounds Petitioner raised. On April 14, 2021, the state appellate court denied the petition as follows: "The petition for writ of habeas corpus, the motion for evidentiary hearing/expansion, and the motion for discovery are denied." Dkt. No. 24-10.

On April 19, 2021, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. This petition challenged both convictions and alleged that Petitioner was entitled to habeas relief because counsel was ineffective for failing to advocate his cause and failing to advise him adequately as to his guilty plea; and that the trial court failed to make an adequate inquiry into Petitioner's mental competency when he entered into his guilty plea in his felony assault case. Petitioner also requested to expand the record, an evidentiary hearing, and for the discovery requested in the motions filed with the state court. On July 14, 2021, the California Supreme Court denied the petition as follows: "The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 18 Cal.4th 770, 780 [courts will not entertain habeas corpus claims that

are untimely]).”  Dkt. No. 24-11.

**II.      Procedural Background**

On or about August 8, 2021, Petitioner filed this federal habeas petition in the Eastern

District of California.  Dkt. No. 1.  On August 25, 2021, the case was transferred to this court.

Dkt. No. 4.  The case was initially closed for Petitioner’s failure to pay the filing fee, and then

reopened after Petitioner showed good cause.  Dkt. Nos. 10, 11, 13.  Petitioner paid the filing fee.

Dkt. No. 17.  In the Court’s January 4, 2023 Order to Show Cause, the Court found that the

petition stated the following cognizable claims for federal habeas relief: (1) he was denied the

right to effective assistance of counsel during his preliminary hearing; (2) he received ineffective

assistance when counsel failed to advise him adequately with regard to his guilty plea; and (3) his

guilty plea is invalid because he was incompetent at the time due to being under the influence of

medication that impaired his judgment.  The Court ordered Respondent to show cause why relief

should not be granted on these claims.  Dkt. No. 21.

On March 17, 2023, Respondent filed a motion to dismiss the petition as untimely and for

lack of jurisdiction over the misdemeanor judgment.  Dkt. No. 24.  Petitioner has filed an

opposition.  Dkt. No. 33.  Respondent has not filed a reply, and the deadline to do so has since

passed.

On April 10, 2023, Petitioner filed a request for clarification, stating that his petition

challenged two convictions, one from Monterey County and one from Santa Clara County, and

that he sought clarification as to whether the Court’s January 4, 2023 Order to Show Cause

intended to find cognizable claims as to the Santa Clara County conviction or to deny the claims

as to the Santa Clara County conviction.  Dkt. No. 25.  The Court addressed this motion in an

order dated April 12, 2023, informing Petitioner that, as noted in the Court’s Order of Transfer,

this petition only challenged the conviction and sentence out of Monterey County Superior Court;

that the petition did not contain any claims challenging a conviction out of Santa Clara County;

and that Petitioner is required to file a separate habeas petition to challenge his conviction out of

Santa Clara County.  Dkt. No. 30.

On April 10, 2023, Petitioner also filed a motion seeking leave to file an amended petition

1    to specify that he seeks to claim the *Martinez* exception, setting forth facts to support the

2    application of the *Martinez* exception, and amending Grounds 1 and 2 accordingly.  Dkt. Nos. 27,

3    28.  Respondent does not oppose Petitioner's request for leave to file an amended petition, but

4    notes that the amendment is unnecessary because the *Martinez* exception does not apply here; that

5    the petition remains untimely; and that this Court lacks jurisdiction to address Petitioner's

6    challenge to his misdemeanor judgment.  Dkt. No. 31.

7            Petitioner has filed a second request for clarification, stating that the Court's April 12,

8    2023 order did not reference Petitioner's separate petition challenging his conviction out of Santa

9    Clara County.  Dkt. No. 32.

10                                      **DISCUSSION**

11   **I.      Request for Clarification (Dkt. No. 32)**

12           Petitioner has filed a second request for clarification, stating that the Court's April 12,

13   2023 order did not refer to Petitioner's separate petition challenging his conviction out of Santa

14   Clara County.  Dkt. No. 32.  The Court's April 12, 2023 order addressed Petitioner's Santa Clara

15   County conviction as follows:

16           [] Petitioner has filed a motion for clarification.  Dkt. No. 25.  Petitioner asserts that
        his habeas petition filed in the Eastern District challenged two convictions, one out of
17      Monterey County and another out of Santa Clara County.  Id. at 1.  Petitioner states that
        the court's Order to Show Cause did not list the grounds raised regarding the Santa Clara
18      County conviction.  Id.  Petitioner requests clarification as to whether any of those claims
        were cognizable or without merit, and whether it was an oversight that the Court did not
19      discuss those claims in its order.  Id.  Petitioner is advised that the petition that was
        transferred from the Eastern District only challenged his conviction and sentence out of
20      Monterey County Superior Court, as noted [in the] Court's Order of Transfer.  Dkt. No. 1;
        see also Dkt. No. 4.  The petition contained no claims challenging a different conviction
21      out of Santa Clara County.  Even if it had, Petitioner would have been required to
        challenge that conviction in a separate habeas action and be subject to the filing fees.
22

23   Dkt. No. 30 at 1-2.  As the Court has previously informed Petitioner, the petition in this action

24   does not contain any claims challenging a conviction out of Santa Clara County.  Dkt. No. 30 at 1-

25   2; *see also* Dkt. No. 1.  If Petitioner wishes to challenge his 1995 conviction out of Santa Clara

26   County, he must file a separate petition for a writ of habeas corpus.[1]

27   _____

28   [1] However, any habeas petition brought by Petitioner challenging his 1995 conviction out of Santa
     Clara County may be barred as second and successive.  Petitioner has previously challenged his

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.     Motion Requesting Leave to File Amended Petition

Petitioner requests leave to file an amended petition to specify that he seeks to claim the *Martinez* exception, setting forth facts to support the application of the *Martinez* exception, and amending Grounds 1 and 2 accordingly.  Dkt. Nos. 27, 28.  The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, is made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2).  And Habeas Corpus Rule 11 allows amendments with leave of court any time during a proceeding.  *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005).  In reviewing whether a grant of leave to amend was an abuse of discretion, the appellate court "'often consider[s] . . . bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings.'" *Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).  Here, amendment would be futile because, as explained in detail below, the proposed amendment regarding the *Martinez* exception does not confer federal habeas jurisdiction over Petitioner's challenge to his misdemeanor convictions or render timely Petitioner's federal habeas challenge to his felony conviction.  Accordingly, the request for leave to file an amended petition is DENIED.  Dkt. No. 27.

## III.     Motion to Dismiss

Respondent has filed a motion to dismiss this petition on the grounds that (1) the Court lacks jurisdiction to review Petitioner's challenge to the misdemeanor conviction because Petitioner is no longer in custody pursuant to that conviction; and (2) the petition is untimely because the one-year limitations period for the felony conviction expired on November 5, 2001.  Dkt. No. 24.  Petitioner argues that although his claims are procedurally defaulted pursuant to California's timeliness rules, trial counsel's ineffective assistance establishes both cause and

---

1995 Santa Clara County conviction in *Hendon v. Lamarque*, C No. 00-0349 PJH, which was dismissed as untimely on June 12, 2003.  The Ninth Circuit affirmed the dismissal in *Hendon v. Larmarque*, 107 Fed. Appx. 769 (9th Cir. 2004).  Petitioner has also filed two additional habeas petitions in this court challenging the 1995 Santa Clara County conviction, C No. 22-cv-02422 EJD and C No. 21-cv-06567, both of which were dismissed for failure to either pay the filing fee or file an application for leave to proceed *in forma pauperis*.  *See Hendon v. Burton*, C No. 22-cv-02422 EJD; *Hendon v. Burton*, C No. 21-cv-06567.

1    prejudice to excuse the default.  Dkt. No. 33.

2        **A.**      **2001 Misdemeanor Conviction – Federal Habeas Jurisdiction**

3        Respondent argues that the Court lacks jurisdiction to review Petitioner's challenges to his

4    2001 misdemeanor convictions because he is no longer in custody pursuant to these convictions.

5    Respondent argues that Petitioner was not in custody pursuant to the misdemeanor conviction

6    when he filed this action on or about August 8, 2021, because his 180 days sentence was to be

7    served in any penal institution, concurrent to any other sentence, and was served concurrently with

8    his earlier sentence arising out of his 1995 Santa Clara County conviction, which is a sentence that

9    he is still serving.  *See* Dkt. No. 21 at 3-5.  Petitioner has not responded to this argument.  Instead,

10    Petitioner argues that the Court can review his procedurally defaulted claims because trial

11    counsel's ineffective assistance constitutes cause and prejudice to excuse the procedural default, as

12    set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012).  Dkt. No. 33.

13        The Court GRANTS Respondent's motion to dismiss Petitioner's claims regarding his

14    2001 misdemeanor convictions for lack of federal habeas jurisdiction.

15        A habeas petitioner must be in custody under the conviction or sentence under attack at the

16    time the petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  The custody requirement

17    is jurisdictional.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  While Petitioner is currently in

18    custody, he is not in custody pursuant to the 2001 misdemeanor convictions that he is challenging.

19    At the time the 180-day sentence was imposed, Petitioner was already in custody pursuant to the

20    1995 conviction and continues to be in custody pursuant to that conviction.  Because the sentence

21    for the 2001 misdemeanors was to be served concurrent to any other sentence in any penal

22    institution, the 180-day sentence, imposed on June 7, 2001, was completed by early 2002.

23    Currently, Petitioner is in custody pursuant to (1) the 1995 conviction, which he is currently

24    serving; and (2) the 2000 felony assault conviction, which is to be served consecutive to the

25    sentence for the 1995 conviction.[2]  Nothing in the record indicates that the state court authorized a

27    _____

[2] Petitioner is considered to be "in custody" for the 2000 felony assault conviction, even though
that sentence has not yet commenced.  For habeas purposes, a prisoner serving consecutive
sentences is in custody under all his sentences until all are served.  *See Garlotte v. Fordice*, 515
U.S. 39, 41 (1995).  He therefore may challenge a conviction underlying the sentence he currently

United States District Court
Northern District of California

1    delayed commencement of the 180-day sentence; that the 180-day sentence has not yet been

2    served; or that Petitioner is currently serving the 180-day sentence, over 20 years after it was

3    imposed.  At the time Petitioner filed this petition, he was not "in custody" pursuant to the 2001

4    misdemeanor convictions within the meaning of 28 U.S.C. § 2254(a).

5         Petitioner's arguments regarding procedural default and the *Martinez* cause and prejudice

6    exception are inapplicable.  Even if the *Martinez* exception applied to excuse Petitioner's

7    procedural default, the Court is still barred from considered Petitioner's claims challenging his

8    2001 misdemeanor convictions because, at the time Petitioner filed the petition, he was not "in

9    custody" on those convictions within the meaning of 28 U.S.C. § 2254(a).

10        As explained above, Petitioner has completed the 180-day sentence for the 2001

11   misdemeanor convictions from Monterey County Superior Court.  Petitioner is therefore no longer

12   in custody pursuant to those convictions.  The Court lacks jurisdiction to consider Petitioner's

13   challenges to his 2001 misdemeanor convictions and related sentence.  The Court GRANTS

14   Respondent's motion to dismiss Petitioner's challenges to these convictions for lack of

15   jurisdiction.

16        **B.**      **2002 Felony Conviction – AEDPA Statute of Limitations**

17             **1)      Legal Standard**

18        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

19   April 24, 1996, and imposed for the first time on state prisoners a one-year statute of limitations

20   for filing federal petitions for a writ of habeas corpus.  In relevant part, Section 2244(d)(1)(A)

21   requires state prisoners challenging non-capital state convictions or sentences to file their habeas

22   petitions within one year of the latest of the date on which the judgment became final after the

23   conclusion of direct review or the time passed for seeking direct review.  28 U.S.C.

24   § 2244(d)(1)(A).  The one-year period generally will run from "the date on which the judgment

25   became final by the conclusion of direct review or the expiration of the time for seeking such

26

27   ――――――――――――

28   is serving, *see id.*, or a conviction underlying a sentence yet to be served, *see Peyton v. Rowe*, 391
     U.S. 54, 67 (1968).  The key question is whether the challenge, if successful, will result in the
     advancement of the prisoner's release date.  *See Peyton*, 391 U.S. at 66-67.

United States District Court
Northern District of California

review." 28 U.S.C. § 2244(d)(1)(A).  "Direct review" concludes upon the United States Supreme Court's denial of certiorari review of a state court conviction, or upon the expiration of the time for filing a petition for certiorari review in the United States Supreme Court.  *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, conviction became final 90 days after California Supreme Court denied review); *Bowen*, 188 F.3d at 1159 (same).

In certain circumstances, the limitations period may start at a later date (delayed commencement), or the limitations period may be tolled, either statutorily or equitably.   Section 2244(d)(1)(B)-(D) provides for the delayed commencement of the AEDPA one-year limitations period, with the limitations period starting from either (1) the date when an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; or (2) the date a constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (3) the date the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).  Section 2244(d)(2) provides for statutory tolling of the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) applies only where the state habeas petition is filed before the statute of limitations period has expired.  A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely filed).  Finally, the Supreme Court has determined that the statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The determination of whether a petitioner is entitled to equitable tolling is highly fact-dependent.  *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  Generally, a litigant seeking equitable tolling bears the burden of proving his entitlement to equitable tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[A] 'petitioner' is 'entitled to equitable tolling'

1    only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

2    extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at

3    649 (quoting *Pace*, 544 U.S. at 418).

### 2)    Analysis

5    Respondent moves to dismiss the petition as untimely, arguing that the one-year limitations

6    period for filing a federal habeas petition challenging the felony conviction expired on November

7    5, 2001.  Petitioner has not responded to this argument in his opposition,[3] though he addresses this

8    issue in the petition.  In the petition, Petitioner argues that he did not discover the legal basis for

9    his claim until late January or February 2020.  He acknowledges that the legal basis for the claim

10   was available in the prison electronic law library.  But he argues that he was unable to obtain the

11   information until he obtained the following precise case citation, *Childress v. Johnson*, 103 F.3d

12   1221 (5th Cir. 1997), because the prison electronic law library is extraordinarily restrictive in that

13   it requires prisoners to input precise book, case, and page citations, thereby excluding digests and

14   other common methods of finding relevant cases.  Petitioner argues that he could not have

15   reasonably known of the legal basis for his claim prior to late January or February 2020, due to

16   these restrictions.  Dkt. No. 1 at 23-24.

17   Petitioner's felony judgment became final on November 5, 2000, sixty days after

18   sentencing, when the time for filing a notice of appeal expired.  Cal. R. Ct. 8.308(a); Dkt. Nos. 24-

19   2, 24-3.  The limitations period commenced the next day on November 6, 2000, and expired on

20   November 5, 2001.  *See* 28 U.S.C. § 2244(d)(1); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th

21   Cir. 2001).  This petition, challenging the 2000 felony conviction for the first time, is therefore

22   untimely by more than two decades unless Petitioner is entitled to delayed commencement of the

23   limitations period, or entitled to statutory tolling or equitable tolling of the limitations period.

---

[3] In the opposition, Petitioner argues that the Court can review his procedurally defaulted claims
because trial counsel's ineffective assistance constitutes cause and prejudice to excuse the
procedural default, as set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012).  Dkt. No. 33. The question
of whether the Court can review a procedurally defaulted claim is separate from whether the
petition was filed within the one-year statute of limitations period.  Even if the *Martinez* exception
applied here to excuse Petitioner's procedural default, the Court is still barred from considered
Petitioner's federal habeas claims challenging his 2000 felony conviction if these claims were not
timely filed within the time period set forth in Section 2244.

United States District Court
Northern District of California

1    Petitioner's allegation that he was unable to discover the legal basis for his ineffective

2    assistance of counsel claims until late January 2020 is suspect because he raised an ineffective

3    assistance of counsel claim in *Hendon v. Lamarque*, C No. 00-0349 PJH, when he challenged his

4    1995 conviction from Santa Clara County Superior Court.  In addition, *Childress* only addresses

5    the right to effective assistance of counsel during a plea hearing.  *Childress* does not discuss the

6    legal basis for Petitioner's third claim, i.e. the trial court's obligation to assess competency at the

7    plea colloquy.

8    To the extent that Petitioner is arguing that he did not realize that he was entitled to

9    effective assistance of counsel with respect to entering a guilty plea and not just during trial, this

10   argument does not render his federal habeas challenge to his felony conviction timely.

11   This argument does not entitle Petitioner to delayed commencement of the limitations

12   period because there is no allegation of an unconstitutional state action; the limitations of the

13   prison's electronic law library do not constitute unconstitutional state action; Petitioner's claims

14   do not rely on a newly recognized right; and Petitioner has been aware of the factual predicates of

15   his claims since the relevant plea colloquies.  Nor is Petitioner entitled to statutory tolling of the

16   limitations period.  The initial state habeas petition was filed in or around September 2020, nearly

17   two decades after the limitations period expired.  *See Ferguson*, 321 F.3d at 823 (state habeas

18   petition filed after statute of limitations ended cannot toll the limitations period).  Finally,

19   Petitioner's lack of legal sophistication does not, by itself, constitute extraordinary circumstances

20   warranting equitable tolling.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also*

21   *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[W]e have held that a

22   pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting

23   equitable tolling.").  Petitioner was aware in 2000 and 2001 of the conduct of trial counsel giving

24   rise to his claims for ineffective assistance during counsel's representation.  Petitioner's failure to

25   appreciate the legal significance of these known facts does not justify equitable tolling.

26   Petitioner's challenge to his 2000 felony conviction and sentence was filed over two decades after

27   the expiration of AEDPA's one-year statute of limitations period.  Accordingly, the Court

28   GRANTS Respondent's motion to dismiss the federal petition's challenge to Petitioner's felony

United States District Court
Northern District of California

conviction as untimely.

### CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's request for leave to file an amended petition, Dkt. No. 27; GRANTS Respondent's motion to dismiss the petition as untimely, Dkt. No. 24; and DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and close the file.

This order terminates Dkt. Nos. 24, 27.

**IT IS SO ORDERED.**

Dated:   7/10/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge